IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT EARL JOHNSON | § | |
|     TDCJ-CID #538275 | § | |
| v. | § | C.A. NO. C-09-313 |
| | § | |
| NATHANIEL QUARTERMAN, ET AL. | § | |

## OPINION DENYING MOTION FOR INITIAL DISCLOSURE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is plaintiff's motion for initial disclosure. (D.E. 4). An order for service of process has not yet been served on any defendants.

The discovery rules within the Federal Rules of Civil Procedure apply to this action. See Fed. R. Civ. P. 26-37. Pursuant to Local Rule 5.4, discovery is not filed with this Court: "Depositions, interrogatories, answers to interrogatories, requests for admission, production, or inspection, responses to those requests, and other discovery material shall not be filed with the clerk."

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties are obligated to provide certain information through an initial disclosure without a discovery request:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and

>copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
>(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A); see also United States v. Filson, No. 08-51141, 2009 WL 3334607, at *3 (5th Cir. Oct. 16, 2009) (per curiam) (unpublished) (addressing initial disclosure requirements).  Parties must provide these initial disclosures within 30 days of being served.  See Fed. R. Civ. P. 26(a)(1)(D).  After defendants have been served, if plaintiff feels that they have not complied with their initial disclosure obligations, then he should file a motion to compel.  See Fed. R. Civ. P. 37(a).

Accordingly, plaintiff's motion for initial disclosure, (D.E. 4), is hereby DENIED without prejudice.

ORDERED this 19th day of November 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

2