IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT EARL JOHNSON § | | |
| TDCJ-CID #538275, § | | |
| v. § | | C.A. NO. C-09-313 |
| § | | |
| RICK THALER, ET AL. § | | |

## OPINION DISMISSING CERTAIN CLAIMS AND RETAINING CASE

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims against defendants Rick Thaler and Warden Guterriez are dismissed for failure to state a claim; however, his failure to protect claims against Warden Crites, Officer Sanchez, and Officer John Doe are retained, and service ordered on these individuals.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. After consent by the plaintiff, (D.E. 15), this case was referred to a United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 16); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Boyd Unit in Teague, Texas, although his complaint concerns events that occurred while he was housed at the McConnell Unit in Beeville, Texas. He filed this action on November 12, 2009, claiming that his cell-mate was permitted to assault him because defendants failed to follow properly TDCJ-CID rules and procedures and failed to intervene once the assault occurred. (D.E. 1). He is suing the following individuals: (1) TDCJ-CID Executive Director Rick Thaler;[1] (2) Warden Ernest Gutierrez; (3) Warden Richard Crites; (4) Officer Enrique Sanchez; and (5) Officer John Doe.

A Spears[2] hearing was conducted on December 2, 2009. The following allegations were made in plaintiff's original complaint, or at the hearing:

Plaintiff is an older inmate who has already served twenty years in the TDCJ-CID, and is up for parole. He is four foot eleven inches tall and weighs approximately 130 pounds.

---

[1] In his original complaint, plaintiff named former TDCJ-CID Director Nathaniel Quarterman as a defendant. Mr. Quarterman retired on July 15, 2009, and therefore the new director, Rick Thaler, has been substituted in his place based on plaintiff's oral motion.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On September 9, 2009, offender Brown was moved into plaintiff's cell.  He is a younger inmate who is serving a life sentence for murder.  He is approximately five foot six inches tall, weighs 190 pounds, and is homosexual.

On October 8, 2009, at approximately 4:00 a.m., plaintiff left his cell and went to breakfast in the chow hall.  On the way back to his cell, he stopped at the pill window and received his seizure medication.  As he was walking back to his cell, plaintiff noticed that there was no officer on the pod as usual.  Officer Sanchez was assigned to the pod that day, but he was absent from his post.  Officer John Doe, who was working the picket, opened the door to plaintiff's cell even though there was no officer on the pod.  As plaintiff entered his cell, Offender Brown jumped on him and began assaulting him.  In an effort to protect himself, plaintiff bit Brown's thumb.  Offender Brown broke three of plaintiff's bottom teeth, and knocked one of his top teeth loose.  He also hit plaintiff in his ribs and face.

Inmates in 34-cell heard the noise and reported the fight to the picket officer.  Sergeant Gaines arrived and stopped the fight.  He then escorted plaintiff and Brown up to the front desk, placing Brown in the cage.  Brown told Lieutenant Phillips that plaintiff had tried to have sex with him, and filed an Offender Protection Investigation against plaintiff concerning the incident.

Plaintiff was taken to the McConnell medical unit with a knot in his shoulder, four broken and loose teeth, and a black-eye.  He was placed in segregation and he filed a Life in Danger claim against Brown.[3]  On October 12, 2009, a Unit Classification Committee

---

[3] Plaintiff received a disciplinary case concerning the October 8, 2009 incident.  At the Spears hearing, plaintiff complained that certain officers, including defendant Warden Crites, failed to conduct a proper investigation or review a video-tape of the incident.  Plaintiff was advised that his claims relating to the disciplinary hearing must be pursued, if at all, in a habeas corpus petition.

recommended that plaintiff be transferred. On November 15, 2009, he was transferred to the Boyd Unit. (D.E. 11).

Plaintiff claims that defendant Rick Thaler, as director of the TDCJ-CID, is "legally responsible for the overall operation" of the McConnell Unit, and that he failed to provide adequate supervision of prisoners, failed to take corrective action regarding the "rate and pattern of assaults," and ignored the constant threat of violence and the environment of violence at the McConnell Unit. He asserts that Warden Gutierrez was deliberately indifferent to his safety because he failed to take corrective action in response to the rate of assaults on the Unit, failed to provide adequate supervision in the chow hall and at the pill window, and failed to provide proper staff to inmate ratio, with only one officer per every 72 inmates. Plaintiff alleges that Warden Crites was deliberately indifferent to his safety because he failed to segregate prisoners like plaintiff who were at risk from more dangerous offenders. He claims further that Warden Crites denied him an earlier Offender Protection Investigation which contributed to the assault on October 8, 2009. He asserts that Officer Sanchez failed to protect him by not being at his assigned post on the day of the assault, and that Officer John Doe was deliberately indifferent when he allowed plaintiff back into his cell without an officer accompanying him as required by TDCJ-CID regulations.

### III. DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff's Claims Against Defendants In Their Official Capacity Fail To State A Claim.**

Plaintiff did not specify in what capacity he was suing defendants. "A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents." Kossie v. Crain, 602 F. Supp.2d 786, 790 (S.D. Tex. 2009) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). "The Eleventh Amendment bars a suit for money damages against a state or state agency." Id. (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996)). A judgment may not be entered against a state officer in his official capacity for violating federal law in the past. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). Thus, to the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and they are dismissed.

The Eleventh Amendment does not bar plaintiff's claims against defendants in their official capacities for injunctive relief. Clay v. Texas Women's Univ., 728 F.2d 714, 715-16 (5th Cir. 1984). However, to the extent plaintiff has sued defendants in their official capacities

for injunctive relief, those claims are now moot because plaintiff was transferred from the McConnell Unit. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when an inmate leaves the complained-of facility). Thus, plaintiff's claims for injunctive relief against defendants in their official capacities are dismissed as moot.

**C.      Plaintiff's Failure To Protect Claims.**

Plaintiff is suing defendants on the grounds that they violated his Eighth Amendment right to be free from cruel and unusual punishment by allowing conditions to exist at the prison which made the assault more probable than not.

Prison officials have a duty to protect prisoners from violence, including violence at the hands of other inmates and officers. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to an inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

**1.      Plaintiff's claims against Rick Thaler and Warden Gutierrez are dismissed.**

Plaintiff named TDCJ-CID Director Rick Thaler and McConnell Unit Warden Gutierrez as defendants arguing that, as director and head warden, they are ultimately responsible for the actions of their subordinates.

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)); accord David v. Hill, 410 F. Supp.2d 749, 760 (S.D. Tex. 2005) (citation omitted). The Fifth Circuit has elaborated that pursuant to "section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)); accord Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d at 382 (citing Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976)). A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d at 304 (citations omitted). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992) (citations omitted).

The mere fact that Rick Thaler is Director of the TDCJ-CID does not amount to personal involvement. Moreover, plaintiff does not contend that an unconstitutional policy played a role in the alleged constitutional violations. Indeed, he claims that officers did not follow TDCJ-CID policy, thus admitting that the policies in place are designed to protect the inmates and are not unconstitutional.

Similarly, the fact that Warden Gutierrez is the top official at the McConnell unit does not render him responsible for the actions or omissions of his employees. Moreover, plaintiff admitted that he never spoke to Warden Gutierrez directly about any fears he might have had regarding being housed with Brown or concerns that officers were not working their assigned posts, or that the inmate to guard ratio was inappropriate. Thus, plaintiff fails to state a claim against either of these defendants, and therefore, these claims are dismissed with prejudice for failure to state a claim or as frivolous.

      **2.     Plaintiff states a claim against Warden Crites.**

Plaintiff contends that Warden Crites was deliberately indifferent to his health and safety because he housed plaintiff with Brown, a younger, stronger inmate with a murder conviction. He also testified that Brown was trying to get transferred from the McConnell unit and was picking fights with inmates, of which Warden Crites was aware. Finally, he claims that the fact Brown was homosexual was an additional factor that made the housing arrangement dangerous because he wanted a cell-mate who was also a homosexual.

Taking plaintiff's allegations as true, he has sufficiently stated a claim of deliberate indifference against Warden Crites for purposes of § 1915A screening. He claims that Warden Crites knew that he was at risk of harm when housed with Brown, but he did nothing to alleviate the risk. He further claims that Warden Crites was aware that there is not enough staff to control the inmates properly. Thus, plaintiff's failure to protect claim against Warden Crites is retained and service will be ordered on him.

### 3. Plaintiff states a claim against Officer Sanchez and Officer John Doe.

Plaintiff claims that, but for these officers failing to work their assigned posts or follow TDCJ-CID policy, the assault would not have occurred.

First, to the extent plaintiff is claiming that these defendants violated TDCJ-CID policy, this allegation alone does not state a cognizable constitutional claim. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). However, plaintiff claims that Officer Doe knew he was placing plaintiff at risk of harm when he opened the cell door because he knew there was no guard working the pod. Similarly, he claims that Officer Sanchez knew or should have known that by leaving his assigned post, he caused plaintiff to be more vulnerable to attack. Thus, for purposes of

§ 1915A screening, plaintiff has stated Eighth Amendment claims against these defendants, and these claims will be retained and service ordered on these defendants.

### D. Plaintiff's State Law Claims Are Retained.

Plaintiff also contends that defendants Crites, Sanchez and Doe were negligent when they allowed him to be housed with Brown, let into his cell without an officer present, and in leaving his assigned post. To state a negligence claim against defendants, plaintiff must establish that defendants owed him a duty and breached that duty. Wackenhut Corr. Corp. v. De La Rosa, __ S.W.3d __, 2009 WL 866791, at *21-22 (Tex. App. Apr. 2, 2009). For purposes of initial screening, plaintiff has stated a claim of negligence against these three defendants under Texas law, and these claims will be retained.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's § 1983 claims against Rick Thaler and Warden Gutierrez are dismissed with prejudice for failure to state a claim or as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's claims for failure to protect and negligence against Warden Crites, Officer Sanchez, and Officer John Doe are retained, and service will be ordered on these defendants.

ORDERED this 24th day of December 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE