IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT EARL JOHNSON | § | |
|     TDCJ-CID #538275, | § | |
| v. | § | C.A. NO. C-09-313 |
| | § | |
| RICK THALER, ET AL. | § | |

### **OPINION DISMISSING DEFENDANT ENRIQUE SANCHEZ**

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff is currently incarcerated at the Fort Worth Transition facility in Fort Worth, Texas.

### **BACKGROUND**

Plaintiff filed his action on November 12, 2009. (D.E. 1). On December 2, 2009, a Spears[1] hearing was conducted regarding his claims. Based on his complaint and evidence at the hearing, it was determined that plaintiff was suing Rick Thaler; Warden Ernest Gutierrez; Warden Richard Crites; Officer Enrique Sanchez; and Officer John Doe, who was subsequently determined to be Officer Aaron Fuentes. Pursuant to 28 U.S.C § 1915A, his claims against Rick Thaler and Warden Gutierrez were dismissed. (D.E. 17).

On December 24, 2009, service was ordered on Warden Crites, Officer Sanchez, and Officer John Doe. (D.E. 18). Warden Crites filed an answer. (D.E. 28). Moreover, it was determined that Officer Fuentes was the John Doe defendant and he subsequently filed an answer. (D.E. 34).

Regarding defendant Sanchez, on February 8, 2010, the Court was advised that he no longer worked for the Texas Department of Criminal Justice. (D.E. 26). On February 10, 2010, service was ordered on defendant Sanchez at his last known address. (D.E. 31). The United

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

States Marshal attempted this service via certified mail, and it was returned unexecuted. (D.E. 41). Consequently, on March 30, 2010, the United States Marshal was ordered to personally serve defendant Sanchez at his last known address. (D.E. 42). The summons was again returned unexecuted by the Marshal Service with the explanation that it had been learned defendant Sanchez moved from his last known address in December 2009 and may have moved to Mexico. (D.E. 54).

On April 29, 2010, a telephonic hearing was held during which the lack of service for defendant Sanchez was discussed. Plaintiff was advised that he ultimately bore the responsibility for service of this defendant. Because plaintiff was proceeding in forma pauperis, the Marshal Service would be ordered to serve him, but plaintiff had to provide an address for this service. Plaintiff was presented with three options regarding defendant Sanchez: he could provide an address for defendant Sanchez so that the Marshal Service could serve a summons on him; he could voluntarily dismiss his claim against defendant Sanchez; or if he failed to provide the necessary information for service, his claim against him would be dismissed. At the telephonic hearing, plaintiff indicated that he would file paperwork to voluntarily dismiss his claim against defendant Sanchez.

Plaintiff did not file a motion to voluntarily dismiss his claim against defendant Sanchez. Moreover, he did not provide any address for service of defendant Sanchez. On May 12, 2010, an Order to Show Cause was issued addressing plaintiff's lack of response regarding defendant Sanchez. (D.E. 58). He did not file any response to this order.

On July 1, 2010, a hearing was held regarding the service of defendant Sanchez. Plaintiff indicated that he had no knowledge of where defendant Sanchez was. He indicated that he had

not taken any steps to locate defendant Sanchez so that he could be served with a summons and complaint.

## DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m); accord Coleman v. Holmes, 789 F.2d 1206, 1208 (5th Cir. 1986).  A pro se litigant still has the duty to properly serve a defendant.  See Kersh v. Derozier, 851 F.2d at 1509, 1512 (5th Cir. 1988); see also Boltes v. Entex, 158 F.R.D. 110, 113 (S.D. Tex. 1994) ("The *pro se* status of a plaintiff does not constitute 'good cause' for a plaintiff's failure to effect service.") (citations omitted).  Indeed, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  Boltes, 158 F.R.D. at 113.

Here, plaintiff's time to serve defendant Enrique Sanchez has long passed the 120 days. Generally, a pro se inmate, proceeding in forma pauperis, may reasonably rely on the Marshal Service to properly execute the service of a summons on a defendant.  See, e.g., Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010) (per curiam); Medina-Claudio v. Pereira, 443 F. Supp. 2d 208, 213 (D.P.R. 2006).  However, the Marshal Service must be provided the necessary information to locate a defendant.  See Richardson, 598 F.3d at 739-40.

Even after the lack of service was addressed with defendant at an April 29, 2010 telephonic hearing and an order to show cause was issued, plaintiff did not make any attempts to obtain a viable address.  He has not demonstrated that good cause is warranted for any additional

extension.  See <u>Echevarria v. Dep't of Corr. Servs. of N.Y. City</u>, 48 F. Supp. 2d 388 (S.D.N.Y. 1999) (extension of time was not warranted where inmate failed to make reasonable efforts to obtain information necessary for proper service of defendant).

## CONCLUSION

Accordingly, plaintiff's claim against defendant Enrique Sanchez is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

ORDERED this 8th day of July 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE